IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. _____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

     v.

WESTERN TRADING COMPANY, INC.,

     Defendant.

---

## COMPLAINT

---

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and
Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the
basis of disability and to provide appropriate relief to Tyler Riley who was adversely
affected by such practices.  As alleged with greater particularity below, Defendant failed
to provide reasonable accommodation for Mr. Riley's disability, placed Mr. Riley on
leave and terminated his employment because of his disability and/or because of the
need to provide him reasonable accommodation, and unlawfully co-mingled Mr. Riley's
medical records with his personnel records.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Western Trading Company, Inc. (WTC), a Colorado corporation, has continuously been doing business in the State of Colorado, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant WTC has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

2

6.     At all relevant times, Defendant WTC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## GENERAL ALLEGATIONS

7.     More than thirty days prior to the institution of this lawsuit, Tyler Riley filed a charge with the Commission alleging violations of Title I of the ADA by Defendant WTC.

8.     All conditions precedent to the institution of this lawsuit have been fulfilled.

9.     Since at least May 2008, Defendant WTC has engaged in unlawful employment practices at its store in Englewood, Colorado, in violation of Sections 102(a), 102(b)(5)(A), 102(b)(5)(B), and 102(d)(4)(C) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A), (b)(5)(B), and (d)(4)(C).

10.    On or about May 2, 2008, Riley started work at WTC.

11.    Riley was employed by WTC as a stocking clerk.

12.    Riley has a seizure disorder which substantially interferes with the major life activities of walking, talking, thinking, responding to outside stimulus, learning, and caring for himself.

13.    On or about May 4, 2008, Riley had a seizure while on-duty at WTC.

14.    After the seizure, WTC sent Riley home, and would not allow him to return without a medical release.

15.    On May 4, 2008, Riley went to Swedish Medical Center and obtained a release.

16.     On May 8, 2008 Riley received a second release from Swedish Medical Center which indicated that he had no ladder restrictions and that he was allowed to climb as high as 20-25 feet.

17.     Riley provided WTC with a copy of the hospital record showing Riley was released to return to work.

18.     On May 8, 2008, Nurse Practitioner Stephanie Beltz, also faxed to WTC a release, clearing Riley for full activity and indicating that had no restrictions regarding lifting or climbing ladders.

19.     After receiving the releases from Swedish and Ms. Beltz, WTC asked Mr. Riley to provide additional information before returning to work.  Specifically, WTC wanted to know

   a.  that there were no side-effects to Riley's seizure medications,

   b.  what to do in the event that Riley had another seizure, and

   c.  whether Riley or anyone else can detects symptoms of an oncoming
       seizure.

20.     On or about May 14, 2008, Ms. Beltz provided WTC another medical release clearing Riley to return to work.  The release indicated that

   a.  Riley did not experience side effects from his medications,

   b.  Riley can feel a seizure coming on and knows to sit against a wall, and

   c.  no treatment is necessary during Riley's seizures, but that it would be
       helpful for someone to sit with him so that when he comes out, he
       knows where he is.

4

21.     Ms. Beltz also talked by telephone with someone at WTC and explained the nature of Mr. Riley's disability.

22.     After receiving Ms. Beltz's second release, Riley was allowed to return to work.

23.     During the time Riley was allowed to work, he satisfactorily performed his job duties.

24.     On or about May 24, 2008, Riley had another seizure while he was at home.

25.     After the seizure, Riley was seen in at Swedish Medical Center.

26.     Swedish Medical Center provided Riley a released to return to work without any restrictions.

27.     Riley provided WTC with the May 24, 2008 release.

28.     On or about May 24, 2008, WTC again demanded additional information from Riley's doctors.

29.     On May 29, 2008, WTC prohibited Riley from working any more until he provided additional information.

30.     On June 3, 2008, Ms. Beltz sent another update on Riley's status, indicating that she had increased his medication in hopes of preventing further seizures.

31.     WTC never allowed Riley to return to work.

32.     WTC stored the medical information provided by Riley and Ms. Beltz in Riley's personnel file with Riley's non-medical personnel records.

**FIRST CLAIM FOR RELIEF**
**(Failure to Accommodate – 42 U.S.C. §§ 12112(a) and (b)(5)(A))**

33.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

34.    Tyler Riley is disabled as defined in the ADA.

35.    Tyler Riley is able, with or without reasonable accommodation, to perform the essential functions of the stocking position at WTC.

36.    Defendant was aware of Riley's disability.

37.    Riley and his medical providers informed WTC of reasonable ways to accommodate Mr. Riley's epilepsy:

> a.  to have someone sit with Mr. Riley during a seizure so as to reorient him after the seizure, and
>
> b.  to provide Mr. Riley with some  time to recover after having a seizure.

38.    Defendant failed and refused to provide any accommodation for Mr. Riley.

39.    Defendant failed and refused to engage in good faith discussions with Mr. Riley concerning accommodation.

40.    Defendant failed to provide Mr. Riley any reasonable accommodation, as required under Section 102(b)(5)(A) of the ADA.  42 U.S.C. § 12112(b)(5)(A).

41.    Defendant's failure to provide Mr. Riley any reasonable accommodation was intentional.

42.    Defendant's failure to provide Mr. Riley any reasonable accommodation was malicious and/or done with reckless indifference to Mr. Riley's federally protected rights.

6

43.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Tyler Riley of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

**SECOND CLAIM FOR RELIEF**
**(Disparate Treatment – 42 U.S.C. §§ 12112(a) and (b)(5)(B))**

44.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

45.     Defendant intentionally put Mr. Riley on leave because of his disability, and/or because it regarded him as disabled, and/or because of the need to provide reasonable accommodation for his disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

46.     Defendant intentionally terminated Mr. Riley because of his disability, and/or because it regarded him as disabled, and/or because of the need to provide reasonable accommodation for his disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

47.     Defendant's discriminatory treatment of Mr. Riley was done with malice or reckless indifference to his federally protected rights.

48.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Tyler Riley of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

**THIRD CLAIM FOR RELIEF**
**(Co-Mingling Medical and Personnel Records – 42 U.S.C. §§ 12112(a) and 12112(d)(4)(C))**

49.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

50.     Defendant failed to keep Mr. Riley's medical records separate from his personnel records, in violation of Section 102(d)(4)(C) of the Americans with Disabilities Act.  42 U.S.C. § 12112(d)(4)(C).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant WTC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees or applicants because of disability.

B.     Order Defendant WTC to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant WTC to institute and carry out policies, practices, and programs which ensure that employee medical records are kept separate from personnel records, as required by Section 102(d) of the Americans with Disabilities Act. 42 U.S.C. § 12112(d).

D.     Order Defendant WTC to make whole Tyler Riley by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the

effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

E.      Order Defendant WTC to make whole Tyler Riley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant WTC to pay Tyler Riley punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 30, 2010

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Mary Jo O'Neill
Regional Attorney

Rita Byrnes Kittle
Supervisory Trial Attorney

*s/ Sean Ratliff*
Sean Ratliff
Trial Attorney
Telephone: (303) 866-1370
sean.ratliff@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203
Fax: (303) 866-1375

Attorneys for Plaintiff EEOC

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.