IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02387-WJM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

    and

TYLER RILEY,

    Intervenor,

    v.

WESTERN TRADING COMPANY, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

       This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

       1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

       2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendant; (b) Defendant's trade secrets and commercial or financial information (c) Tyler Riley's medical, financial, and tax records.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the designated representatives for Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, but only to the extent that such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) deponents, witnesses, or potential witnesses, but only to the extent that such disclosure is necessary for preparation, trial or other proceedings in this case;

(f) the Court and its employees ("Court Personnel");

(g) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(h) other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated and entered at Denver, Colorado, this 2nd day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**AGREED AND APPROVED:**

By:     */s/ Sean Ratliff*

      Sean Ratliff

      Equal Employment Opportunity Commission

      Denver Field Office

      303 E. 17th Ave., Suite 410

      Denver, CO 80203

      Phone: (303) 866-1370

      sean.ratliff@eeoc.gov

      *Attorneys for Plaintiff EEOC*

By:     */s/ Jim Abrams*

      Jim Abrams

      Jim Abrams, LLC

      401 Westwood Dr.

      Denver, Colorado 80206

      Tel: (303)321-6087

      abramsjim@gmail.com

      *Attorney for Tyler Riley, Intervenor*

By:     s/ Gary J. Benson

Gary J. Benson, #19681

Dworkin, Chambers, Williams, York, Benson & Evans, P.C.

3900 E. Mexico Ave., Suite 1300

Denver, CO 80210

Telephone:   (303) 584-0990

Facsimile:   (303) 584-0995

Email:        gbenson@dnvrlaw.com

*Attorney for Defendant Western Trading Company, Inc.*