IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02387-WJM-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

TYLER RILEY,

    Plaintiff-Intervenor,

v.

WESTERN TRADING COMPANY, INC.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS *IN LIMINE***

---

Plaintiffs Equal Employment Opportunity Commission and Tyler Riley (together "Plaintiffs") bring claims against Defendant Western Trading Company, Inc. for disability discrimination, failure to accommodate, and unlawful co-mingling of personnel and medical records, all in violation of the American with Disabilities Act. (ECF No. 1.)

Before the Court are Plaintiffs' Joint Motion *in Limine* to Exclude Evidence (ECF No. 99[1]) and Defendant's Motion *in Limine* to Exclude Merlinda Berisa's, Karen Morrison's, and Danee Attebury's Testimony (ECF No. 98). For the reasons set forth below, Defendant's Motion is denied and Plaintiffs' Motion is granted in part and denied

---

[1] Plaintiffs' Motion in Limine is filed under restriction due to the sensitive nature of some of the information contained therein. Although the actual motion and its supporting documentation appears at ECF No. 97, the public entry for the Motion appears at ECF No. 99.

in part.

## I.  PLAINTIFFS' MOTION *in Limine*

Plaintiffs seek to exclude five categories of evidence from this case: (1) Riley's receipt of Social Security benefits; (2) Riley's receipt of other governmental benefits; (3) Riley's actual or purported drug and alcohol use; (4) Riley's noncompliance with epilepsy medication; and (5) Riley's prior criminal conviction.

The Court will discuss each in turn below.

**A.     Riley's Receipt of SSA and Other Governmental Benefits**

Plaintiffs seek to preclude any evidence of Riley's receipt of Social Security ("SSA") and other Governmental benefits pursuant to the collateral source rule.  (ECF No. 97 at 4-5.)  "Under the common law collateral source rule, . . . [a]ny third-party benefits or gifts obtained by the injured plaintiff accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability."  *Volunteers of Am. Colo. Branch v. Gardenswartz*, 242 P.3d 1080, 1082-83 (Colo. 2010).  "To ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, [the collateral source rule holds that] such evidence is inadmissible at trial."  *Id.* at 1083.  In Colorado[2], the law is clear that the collateral source rule applies to Social Security benefits.  *See Barnett v. Am. Family Mut. Ins. Co.*,

---

[2] The Court applies Colorado law in determining whether the collateral source rule bars admission of evidence regarding collateral sources of payments made to Plaintiff Tyler Riley. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006)("[Federal procedural rules do not] preempt the so-called substantive state rules of evidence, such as . . . the collateral source rule . . . ."); *Macsenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001) (applying state law in determining whether evidence would be inadmissible under collateral source rule).

843 P.2d 1302, 1309 (Colo. 1993) (holding that collateral source rule precluded setoff of Social Security benefits that were based on payments made under a contributory insurance system).  Thus, the Court finds that evidence of Riley's receipt of governmental benefits, including Social Security benefits, is barred by the collateral source rule.

Moreover, even if evidence of Riley's receipt of Social Security benefits were not barred by the collateral source rule, the Court would not permit this evidence to be introduced at the trial of this matter because its prejudicial effect would substantially outweigh any probative value.  *See* Fed. R. Evid. 403.  There is no allegation that Riley's receipt of governmental benefits affected Defendant's employment decisions and/or the interactive process between the parties.  Thus, the evidence would be only minimally relevant while it would be significantly prejudicial in that a juror could easily conclude that Mr. Riley is not entitled to any additional compensation if he is already receiving Social Security benefits.

Accordingly, the Court grants Plaintiffs' Motion *in Limine* to the extent it seeks to preclude any evidence related to Riley's receipt of Social Security and other governmental benefits.  The Court will not permit Defendant to introduce any evidence of Riley's receipt of governmental benefits, even as it relates to Defendant's mitigation of damages affirmative defense.

**B.     Use of Drugs and Alcohol**

Plaintiffs seek to exclude any evidence that Riley used drugs or alcohol because any such use is irrelevant to whether Defendant complied with the ADA.  (ECF No. 97 at 6-7.)  Defendant contends that Riley's drug and alcohol use could have affected his

medical condition and, therefore, such use is relevant. (ECF No. 108 at 3-4.)

Federal Rule of Evidence 401 sets a "very low" bar for the degree of probative value required for evidence to be admissible. *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998). One of Defendant's theories is that Riley irrationally quit working for Defendant and that his decisions following his seizure at the workplace were marred by drug and alcohol use. (ECF No. 108 at 4.) There is also some evidence that Riley's seizure condition could have been affected by his drug and alcohol use. (*Id.*) The Court finds that this evidence satisfies Rule 401's very low bar for relevance.

However, pursuant to Federal Rule of Evidence 403, the Court must weigh the probative value of evidence against its possible prejudicial effect. Riley's drug and alcohol use is tangential to the issues at the heart of this case and there is evidence that Defendant did not even know of any such use at the time of the relevant events. There can be no doubt that any evidence related to Riley having tried methamphetamine or other drugs could be highly prejudicial to his case. Thus, the Court finds that the limited probative value of such evidence would be substantially and unfairly outweighed by the prejudicial effect of this evidence.

Accordingly, the Court grants Plaintiffs' Motion *in Limine* to the extent it seeks to preclude all evidence of Riley's prior drug and alcohol use.

**C.      Compliance with Epilepsy Medication**

Plaintiffs also seek to exclude any reference to whether Riley was compliant with his epilepsy medication. (ECF No. 97 at 9.) Plaintiffs contend that the evidence is

irrelevant because it is undisputed that Riley has a severe form of epilepsy that is uncontrolled even when he is compliant with his medication. (*Id.*) Defendant contends that the evidence is relevant because it was informed by Riley's medical provider that he should not have suffered from seizures if he took his medication as prescribed. (ECF No. 108 at 5.) There is also evidence that, if Riley was not medication-compliant, his risk of seizures would increase. (*Id.*)

The Court finds that Riley's compliance with his epilepsy medication is relevant to this case. There is no dispute that Riley's disability, which forms the basis for all of his claims in this case, is a seizure disorder, and that the effect of this disorder on Riley's ability to perform the essential functions of his job is at the heart of this case. Thus, the degree to which he complied with medication prescribed for his seizure disorder is also relevant. Additionally, the Court finds that any prejudice to Plaintiffs that may arise from this evidence would not be unfair prejudice and would not substantially outweigh the probative value of the evidence..

Accordingly, Plaintiffs' Motion *in Limine* is denied to the extent it seeks to preclude evidence of Riley's compliance with his epilepsy medication.

### D.     Riley's Criminal History

Plaintiffs move to exclude any evidence of Riley's criminal history. (ECF No. 97 at 9-10.) In its response to the Motion, Defendant states that it "does not intend on using Riley's criminal history at trial." (ECF No. 108 at 5.) Therefore, the Court finds that Plaintiffs' request to exclude this evidence is moot. The Court expects that no

evidence of Riley's criminal history will be introduced at trial.[3]

## II.  DEFENDANT'S MOTION *in Limine*

Defendant moves to exclude all evidence from the following witnesses: Merlinda Berisa, Karen Morrison, and Danee Attebury.  (ECF No. 98.)  At the Final Trial Preparation Conference, Defendant informed the Court that, based on the parties' stipulation regarding Riley's available damages for back pay and front pay (ECF No. 128), its Motion was moot as it pertains to Karen Morrison.  Plaintiffs' counsel agreed.  Thus, the Court finds that Defendant's Motion requesting exclusion of witness Karen Morrison is moot and is denied on that basis.

Defendant seeks to preclude testimony from Merlinda Berisa and Danee Attebury based on the allegation that they were not timely disclosed by Plaintiffs.  Plaintiffs contend that these witnesses were known to Defendant and, therefore, were not required to be disclosed under Federal Rule of Evidence 26.

It is undisputed that neither Ms. Attebury nor Ms. Berisa was timely disclosed by Plaintiffs in this case.  Thus, the Court must consider the following factors in determining whether to permit their testimony: (1) the prejudice or surprise to the party against whom the evidence is being offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial; and (4) the moving party's bad faith or wilfulness.  *See Woodworker's Supply, Inc. v.*

---

[3]  The Court notes that Defendant's response contains a request to exclude expected witness Tiffany East's criminal history.  (ECF No. 108 at 5.)  The manner in which this request is made violates Local Rule 7.1(C), which states that "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."  However, Defendant may raise the issue of the admissibility of Ms. East's criminal conviction at the pertinent point during trial.

*Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999).

Defendant contends that it would be prejudiced by admission of Berisa and Attebury's testimony because it was deprived of the ability to conduct discovery on these witnesses. (ECF No. 98.) While the discovery deadline may have passed by the time these witnesses were formally disclosed, there is no dispute that Defendant was aware of both Berisa and Attebury before discovery closed. Ms. Berisa is Tyler Riley's long-time girlfriend who was living with Mr. Riley during the events at issue here. During the deposition of one of Riley's medical providers, Defendant questioned the deponent about Ms. Berisa. Ms. Attebury is an investigator for the EEOC and was tasked with conducting some of the initial investigation of Mr. Riley's complaint, including interviewing some of Defendant's employees. Thus, there is no doubt that Defendant was aware that both Berisa and Attebury had information relevant to this case and that it could have deposed either during the discovery period.

Additionally, Plaintiffs contend that they have repeatedly offered to make Berisa and Attebury available for a deposition in the sixteen months since discovery closed. (ECF No. 110 at 5.) Defendant does not dispute this. Thus, the Court finds that Defendant had the ability to cure any prejudice caused by the late disclosure and made no attempt to remedy it. Accordingly, the Court finds that the first two prongs — prejudice and ability to cure—both weigh in favor of allowing Berisa and Attebury to testify.

As trial as not yet commenced in this case, there can be no genuine allegation that allowing the testimony of Berisa and Attebury would disrupt the trial. Additionally, Defendant has not alleged that there is any bad faith or wilfulness on the part of

Plaintiffs with respect to this issue. (ECF No. 98 at 5.) Thus, the third and fourth prongs—disruption of the proceedings and bad faith—also weigh in favor of allowing testimony from Berisa and Attebury.

Accordingly, the Court denies Defendant's Motion *in Limine* to the extent it seeks to preclude all testimony from Plaintiff's proposed witnesses Merlinda Berisa and Danee Attebury.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion *in Limine* (ECF No. 98) is DENIED;

2. Plaintiffs' Motion *in Limine* (ECF No. 99) is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 19th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge

Plaintiffs with respect to this issue. (ECF No. 98 at 5.) Thus, the third and fourth prongs—disruption of the proceedings and bad faith—also weigh in favor of allowing testimony from Berisa and Attebury.

Accordingly, the Court denies Defendant's Motion *in Limine* to the extent it seeks to preclude all testimony from Plaintiff's proposed witnesses Merlinda Berisa and Danee Attebury.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion *in Limine* (ECF No. 98) is DENIED;

2. Plaintiffs' Motion *in Limine* (ECF No. 99) is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 19th day of February, 2013.

BY THE COURT:

William J. Martinez
United States District Judge