IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-02387-WJM-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

TYLER RILEY,

    Plaintiff-Intervenor,

v.

WESTERN TRADING COMPANY, INC.,

    Defendant.

---

**ORDER DENYING PLAINTIFF EEOC'S MOTION PURSUANT TO FEDERAL RULE OF EVIDENCE 702 TO EXCLUDE THE OPINIONS OF DONNA FERRIS AND RICHARD HUGHES**

---

Plaintiffs Equal Employment Opportunity Commission ("Plaintiff"[1]) and Plaintiff-Intervenor Tyler Riley bring claims against Defendant Western Trading Company, Inc. for disability discrimination, failure to accommodate, and unlawful co-mingling of personnel and medical records, all in violation of the American with Disabilities Act. (ECF No. 1.)

Before the Court is Plaintiff's Motion Pursuant to Federal Rule of Evidence 702 to Exclude the Opinions of Donna Ferris and Richard Hughes ("Motion"). (ECF No. 88).

---

[1] The Court notes that Tyler Riley, the Plaintiff-Intervenor in this case, has not joined in the Motion. Thus, the Court's reference to "Plaintiff" for purposes of the instant Motion includes only the EEOC.

For the reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## II.  ANALYSIS

Plaintiff moves to exclude the testimony of Defendant's proposed expert witnesses: Donna Ferris & Richard Hughes. The Court will discuss each in turn below.

**A.      Donna Ferris**

Donna Ferris was designated by Defendant as an expert in "rehabilitation counseling, vocational counseling, vocational education, and vocational rehabilitation" and was retained to "take a look at Mr. Riley's ability to work generally". (ECF No. 88 at 3.) Based on her expert report and her deposition testimony, Ms. Ferris will likely opine

that: (1) Mr. Riley can do the type of work he has historically performed; (2) he could have made more effort to find work after his separation; and (3) he could have remained working in jobs he had previously held after his separation.

Plaintiff moves to exclude all of Ferris's opinions on the following bases: (1) they are not reliable; (2) they are on topics which do not require expert testimony; and/or (3) they are prejudicial and confusing. Having reviewed all of the arguments and the evidence, the Court finds that Plaintiff's arguments go to the weight of the evidence rather than its admissibility.

Vocational and/or rehabilitation counselors are routinely permitted to testify in cases involving an individual with a disability. *See, e.g., E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 999 (10th Cir. 2012). Plaintiff does not dispute that Ms. Ferris has the educational background and the necessary experience to form the opinions which Defendant intends to proffer in this case. The Court finds that Ferris's testimony could assist the finder of fact in determining the extent to which Riley was able to work and whether his job search was reasonable. Thus, the Court finds that Ferris's testimony is admissible for purposes of Rule 702.

The Court's decision will not preclude Plaintiffs from cross-examining Ms. Ferris at trial regarding the information she reviewed in this case, and the rigor with which she applied such information, in order to sway the jury regarding the weight to be accorded her testimony. *See Lovato v. Burlington N. & Santa Fe Ry. Co.*, No. CIV.A. 00–RB–2584, 2002 WL 1424599, at *4 (D. Colo. June 24, 2002) (finding expert sufficiently qualified, and stating, "Whatever shortcomings [the defendant] may perceive in [plaintiff's expert's] academic or professional background are more properly

addressed in cross-examination. [The defendant's] challenge to [his] qualifications go to the weight of the witness's testimony, and not to its admissibility.").

Plaintiff also contends that much of Ferris's export report contains information that is not material to any of her conclusions, such as Riley's medical history. The Court agrees that, when testifying, Ms. Ferris must adhere to the requirement in Rule 702(b) that she base her opinions on sufficient facts or data. If, as Plaintiff contends, Riley's medical history did not affect her opinion, she should omit any reference to the same. *See* Fed. R. Evid. 702 Advisory Committee's Note ("If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."). Thus, the Court will require Ms. Ferris to offer a basis for any expert opinion to which she testifies at trial, at the peril of its exclusion under Federal Rule of Evidence 702.

With respect to the information contained in Ferris's report which has now been ruled inadmissible by the Court, such as Riley's drug and alcohol history and his receipt of Social Security benefits, the Court notes that Ferris's report is not admissible at trial so the Court need not be concerned with redaction. However, Defendant is on notice that the Court will not permit Ferris to testify about subjects that it has excluded from the trial. Counsel should inform Ferris of the Court's ruling and ensure that she does not testify about any inadmissible aspects of Riley's background.

**B.   Dr. Richard Hughes**

Dr. Hughes is a physician that specializes in neurology. Defendant intends to proffer at trial his opinions about the course and nature of Mr. Riley's epilepsy as well

as general precautions for epileptic patients.  Plaintiff does not challenge Hughes's ability to testify about Riley's medical condition or anything related to neurology.  (ECF No. 88 at 14-16.)

The only opinion that Plaintiff challenges is Hughes's opinion that Defendant acted "appropriately" when it repeatedly asked for medical releases indicating that Riley could climb ladders.  (ECF No. 88 at 14.)  Plaintiff contends that Hughes is not an expert on the ADA and, therefore, is not qualified to opine about what is "appropriate" for purposes of complying with the ADA's requirements.  Plaintiff argues that allowing Hughes to testify about the appropriateness of Defendant's actions would confuse the jury.

Defendant contends that it is not offering Hughes as an expert in the ADA.  Rather, Defendant argues that Dr. Hughes's opinion was based on his medical expertise in that, given the dearth of medical information provided by Riley in the releases he gave to Defendant, it was medically reasonable for Defendant to follow up regarding Riley's condition and work restrictions.  (ECF No. 94 at 13-14.)

The Court finds that Dr. Hughes is entitled to opine that, based on his medical training, it is "appropriate" for an employer to take certain actions with respect to requests for additional information.  The Court acknowledges that there is some risk of confusion in that the jury will ultimately be tasked with deciding whether Defendant acted "reasonably" for purposes of the ADA and the terms "reasonable" and "appropriate" have some overlap in the common sense.  However, the Court will not preclude Dr. Hughes from using the terms "appropriate" or "reasonable" simply because they may be relevant to the legal inquiry in this case.  Rather, Plaintiff is free to cross-

examine Dr. Hughes on his training (if any) with respect to the ADA and point out that Dr. Hughes's understanding of what is "appropriate" or "reasonable" from a medical perspective may be different than what is considered "reasonable" for purposes of the ADA. Additionally, upon request, the Court will also consider giving a limiting instruction clarifying that Dr. Hughes is not an expert in the ADA and that "reasonable" can have different meanings in different contexts.

The Court finds that Dr. Hughes is qualified to act as a expert opinion in this case and that his testimony is likely to assist the jury. Thus, the Court denies Plaintiff's request to exclude Dr. Hughes from testifying about the reasonableness of Defendant's medical inquiries.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff EEOC's Motion Pursuant to Federal Rule of Evidence 702 to Exclude the Opinions of Donna Ferris and Richard Hughes (ECF No. 88) is DENIED.

Dated this 19th day of February, 2013.

BY THE COURT:

William J. Martinez  
United States District Judge