IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02387-WJM -MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

    and

TYLER RILEY,

    Intervenor,

    v.

WESTERN TRADING COMPANY, INC.,

    Defendant.

## CONSENT DECREE

### RECITALS

1.    This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "Commission"), an agency of the United States government, alleging that Defendant, Western Trading Company, Inc. ("Western Trading") violated the Americans With Disabilities Act ("ADA") by 1) failing to accommodate Tyler Riley's disability, 2) terminating Mr. Riley because of his disability or because of the need to accommodate him, and 3) comingling Mr. Riley's medical records with his personnel file. Tyler Riley intervened in this suit, bringing the same claims as those asserted by EEOC.

2. At the conclusion of a four-day jury trial, the jury returned a verdict in favor of the Plaintiffs on their claim of disparate treatment.

3. EEOC filed a post-trial motion seeking equitable relief, including a request for pre-judgment interest and injunctive relief. [ECF No. 154].

4. In an effort to agree upon appropriate injunctive relief, the parties have agreed to the following terms and jointly request that the Court enter this Consent Decree as an order of the Court. Notwithstanding the agreement of the parties, this Consent Decree does not waive or otherwise impact the parties' ability to file an appeal in this case on matters other than this Decree. Nor does this Decree resolve the disputes over the amounts of backpay, including mitigation, and whether pre-judgment interest should be awarded and in what amount. The parties further agree that this Consent Decree resolves all requests for equitable relief, with the exceptions of backpay, mitigation, and pre-judgment interest, regardless of the outcome of any appeals.

**IT IS HEREBY ORDERED:**

5. **Injunction** - Defendant, its officers, agents, employees, successors, and all other persons in active concert or participation with any of them are hereby permanently enjoined from engaging in any employment practice which discriminates on the basis of disability or the need to provide reasonable accommodations for a qualified individual with a disability.

6. **Training** - Beginning no more than ninety (90) days after entry of this Decree, and annually thereafter, for a period of three (3) years, Defendant shall conduct training for all its employees. These trainings shall include the following: (a) instruction on what constitutes unlawful discrimination, including disability discrimination; (b) Defendant's policies and

procedures for registering complaints of discrimination; (c) Defendant's policies and procedures for requesting and providing reasonable accommodation; (d) Defendant's policies and procedures against retaliation; and (e) penalties for engaging in discriminatory behavior. All training shall be at Defendant's selection and expense and shall be conducted by an outside vendor with expertise in the ADA. The training will be conducted as follows:

    **6.1** *Human Resource, and Management Employees* - Defendant will require all employees who work in a human resource or managerial capacity, including Steven Finer, to receive at least four (4) hours of training annually regarding the ADA and other federal anti-discrimination laws. Half of these hours must directly address disability discrimination and reasonable accommodation requirements. Additionally, Defendant will require employees newly hired or promoted into a human resource or managerial position to complete two (2) hours of general EEO training, including training on the ADA, within thirty (30) days of being hired or promoted into a human resource or managerial position. The two (2) hours of training of employees who are newly hired or promoted into a human resource or managerial position may be completed by review of recorded training videos.

    **6.2** *All Other Employees* - All non-human-resource or non-managerial employees shall receive (2) hours of annual training in addition to one (1) hour of training within thirty (30) days of being hired. Half of these hours must directly address the requirements of the ADA. The one (1) hour of training for newly hired non-human-resource or non-managerial employees may be completed by review of recorded training videos.

**6.3** *Registration and Reporting Requirements* - All employees shall register for and attend the training sessions, and records of such attendance shall be maintained by the Defendant. Defendant shall comply with the reporting requirements below.

**6.4** *EEOC Attendance and Participation* - The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to observe and fully participate in the sessions. Defendant shall provide the Commission with thirty days notice that a seminar or training session will be conducted, except that notice is not required for training of employees newly hired or promoted.

**7. Creation of Anti-Discrimination Policies**

**7.1** *Policy Prohibiting Discrimination* - In consultation with an outside consultant, with expertise in employment discrimination law, Defendant will create and maintain a policy proscribing discrimination based on disability. The policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations.

**7.2** *Policy Regarding Reasonable Accommodation* - In consultation with an outside consultant, with expertise in employment discrimination law, Defendant will create and maintain a written policy that addresses how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment. As to all managers who in any way participate in the hiring process or who in any way have responsibilities for accepting or

processing requests for reasonable accommodation, the policy must set forth the role of each manager under the hiring process or under the process for considering reasonable accommodations for employees. The policy must provide guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant/employee.

    7.3    *Distribution* - Within sixty (60) days of entry of this Decree, Defendant shall forward a copy of its revised policies to the Commission and to the Court for comment. Failure by the Commission or the Court to comment on the revised policies shall not be construed as an endorsement of such policies. Within ninety (90) days of entry of this Decree, Defendant shall provide a copy of the policies required by this subsection to all employees, and it shall provide such policies to newly-hired employees within ten (10) days of their hire. In addition to reporting requirements below, Defendant shall certify to the Commission within ninety (90) days of this Decree that the new policy has been distributed.

8.    **Posting of Notice** - Within five (5) business days of the entry of this Decree, Defendant shall post in a conspicuous place in each of its stores, the Notice attached as Attachment A to this Decree. The Notice shall remain posted for three years from entry of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

9.    **Record Keeping and Reporting** - For a three (3) year period after the entry of this Decree Defendant shall maintain all records concerning implementation of this Decree.

5

Furthermore, in addition to other reporting requirements of this Decree, Defendant shall provide semi-annual reports to the EEOC for each six-month period following the entry of the Decree. The reports shall be due thirty days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the three-year anniversary of this Decree. The reports shall include:

**9.1** *Creation and Maintenance of Policies* – A certification that Defendant has distributed the anti-discrimination policies required by Subsection 7 of this Decree to new employees as required and that it has implemented the policies within the applicable reporting period.

**9.2** *Complaints of Disability Discrimination* – An account of all complaints of disability discrimination that occurred during the reporting period, that are known to Defendant. A "complaint of disability discrimination" need not include specific terms, such as "discrimination" or "reasonable accommodation" and will include any written or oral complaint which alleges conduct which a reasonable employer could construe as presenting an allegation of disability discrimination, including an allegation of failure to provide reasonable accommodation for disability. The complaint may be made to the employer, one of its agents or representatives, or to an external governmental agency such as the EEOC or the Colorado Civil Rights Division. For each complaint, Defendant shall provide the name, address and telephone number of the person who made the complaint; a brief summary of the complaint, including the date of the complaint, the name of the individuals who allegedly engaged in the discriminatory conduct; and a description of Defendant's response to the complaint, including the name of the person who investigated or responded to the complaint, and what, if any resolution was reached. Defendant

shall also provide copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**9.3** *Training* – A summary of all trainings required by this Decree, including for each training program conducted during the reporting period a registry of attendance, a certificate of completion, a detailed agenda of the training, copies of all training material provided to or utilized by the trainers, and the name of each trainer and a summary of his or her qualifications.

**9.4** *Certification* – A declaration certifying that all requirements of this Decree have been met.

**10.** **Oversight** - The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Decree. In the event the Commission exercises its right to interview personnel pursuant to this Paragraph, said interviews shall be scheduled with due regard to the convenience of the individual to be interviewed. The Commission shall provide two (2) business days notice to the Defendant of its intention to conduct onsite interviews of employees.

**11.** **Enforcement** - Enforcement of this Decree may be had by the Commission petitioning the Court for enforcement of the terms of this Decree. However, prior to petitioning the Court, the Commission must give Defendant a ten-day notice period in which to investigate and respond to the Commission's allegations, followed by a ten-day period to negotiate a resolution, unless a longer period is agreed upon by the Parties.

**12.** **Notices** - Unless otherwise indicated, any notice, report, or communication required to be sent to the Commission under the provisions of this Decree shall be sent by certified mail, postage prepaid, to:

Rita Byrnes Kittle, Supervisory Trial Attorney
Denver Field Office
Equal Employment Opportunity Commission
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Unless otherwise indicated, any notice, report, or communication required to be sent to Western Trading by the Commission shall be sent by certified mail, postage prepaid, to:

Steven Finer
Western Trading Company, Inc.
3555 S. Sherman Street
Englewood, CO 80113

Gary Benson
Dworkin, Chambers, Williams, York, Benson & Evans, P.C.
3900 E. Mexico Ave., Suite 1300
Denver, CO 80210

13. **Retention of Jurisdiction** - This Court shall retain jurisdiction of this case for three years for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

SO ORDERED this  1  day of  May , 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge

APPROVED AS TO FORM:

/s/ Sean Ratliff
Sean Ratliff
U.S. Equal Employment Opportunity Commission
303 E. 17th Ave.
Suite 410
Denver, CO 80203
(303)866-1370
sean.ratliff@eeoc.gov
Attorney for Plaintiff

/s/ Gary Benson
Gary Benson
Dworkin, Chambers, Williams, York, Benson & Evans, P.C.
3900 E. Mexico Ave.
Suite 1300
Denver, CO 80210
(303)584-0990
gbenson@dnvrlaw.com
Attorney for Defendant

BY CONSENT:

WESTERN TRADING COMPANY, INC.

By: _____  Date: 4/25/13
Steve Finer
President

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____ (for Mary Jo O'Neill)  Date: 4/25/13
Mary Jo O'Neill
Regional Attorney

Attachment A – Notice

## NOTICE

The following notice is being posted pursuant to the terms of a DECREE of the United States District Court for the District of Colorado in the case of *EEOC v. Western Trading Company, Inc*, Civil Action No. 10-cv-02387-WJM-MJW.

Pursuant to Americans with Disabilities Act (ADA), it is unlawful for an employer to discriminate based upon the disability or perceived disability of an applicant or employee. It is also unlawful for any employer to discriminate against an employee because of the need to make reasonable accommodations for an employee with a disability. Likewise, it is unlawful to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Western Trading Company, Inc. is obligated by Decree to provide its employees and applicants for employment with an environment free from discrimination based on disability. Western Trading is also obligated by Decree to maintain policies prohibiting disability discrimination and to train its employees on the Americans with Disabilities Act.

Any employee who believes that he or she has suffered discrimination on the basis of disability or because of the need for accommodation, has the right to contact the Equal Employment Opportunity Commission directly at 1-800-669-4000, or the Colorado Civil Rights Division at 303-894-2997. In compliance with federal law, no official at Western Trading Company, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or the Colorado Civil Rights Division.

This Notice shall remain posted for the term of three years.

Western Trading Company, Inc.

By:_____        Date: _____
   Steven Finer, President